Nelson, Ch. J.
Although the defendant could not be permitted to set up, in this collateral way, a forfeiture of the franchise by neglect to repair* or upon any other like ground, yet I am inclined to think it was competent for him to show that the grant had expired by its own limitation. He might set up that it had been repealed or surrendered; and why not allow him to show a termination by lapse of time ? Such an opinion was expressed in The People v. The Manhattan Company, (9 Wend. 382,) and it appears to me to be well founded.
Then did the defendant make out the fact that the franchise had expired ? This depends upon the question, whether the plaintiffs below had been reimbursed for their expenses in building the bridge &c., to the extent contemplated by the act of 1825. The privilege was to continue until the owners had received the amount paid, for erecting the bridge and for the right of the turnpike company, over and above necessary repairs, and fifty dollars per annum for collecting the toll. (Sess. Laws of 1825, p. 54, § 2.) The sum originally paid for the bridge and for the right of the turnpike company, was to be ascertained by certain commissioners, who were to certify the same, with interest, and file their certificate within six months (Id. § 3.)
It is true, the interest here referred to is that which accrued before the report of the commissioners; but the provision *274 proves that the legislature contemplated the allowance of interest on these outlays.
An argument against the allowance of interest was drawn by counsel from the language of the fourth section, which requires an affidavit to be made and filed in each year by the owners of the bridge, stating the true amount of toll received «fee., “ until this shall amount to the sum reported and certified by the commissioners,” <fec. I cannot believe, however, that this mere reference to the amount found due by the commissioners for actual expenditure, was intended to exclude the incidental right of the owners to interest on the annual balances unpaid by the application of the nett toll. It appears to me that, to give the section the construction contended for, would be placing too much stress upon mere words, without sufficiently regarding the substance and meaning of the arrangement. The amount of $782,03, reported by the commissioners, was money advanced by the plaintiffs below, or those under whom they claim, for the benefit of the public, and was acknowledged by the legislature as a debt or demand justly due at the time the act was passed. Under a provision for the payment of a debt of this nature, at a future day, by instalments, it seems to me the right to interest follows of course, unless specially excluded. The returns to be made by the owners pursuant to the fourth section of the act, of the amount of toll and of expenditure for repairs, furnish the means for strildng a balance once in each year, and of fixing the amount remaining due and unpaid. The interest on these balances should, I think, be allowed.
It was contended that the justice should have dismissed the suit, on the ground that the title to land was in question upon the plaintiffs’ own showing; they having given in evidence a conveyance of the bridge and adjoining premises, from Voorhees, to whom the franchise was granted. The statute provides that, if it shall appear on the trial, from the plaintiff’s own showing, that the title to lands is in question, which title shall be disputed by the defendant, the justice shall dismiss the cause, Spc. (2 R. S. 168, § 63.) The answer to the objection taken therefore is, that the title to the land was not in any man *275 ner disputed by the defendant on the trial, so far as we can ascertain from the record.(a)
I think the' decision of the common pleas was right, and that their judgment ought to be affirmed.
Cowen, J., concurred.
Bronson, J.
If the right of Yoorhees and his assigns to
take toll had ceased before the alleged trespass, the gate which the plaintiffs kept up across the public highway was a nuisance, which the defendant might abate without subjecting himself to an action. This is hot denied; and the only question is, whether the plaintiffs are entitled to interest, as well as the principal sum ascertained by the commissioners. The principal sum had been collected nearly two years before the gate was torn down; but if the claim to interest can be maintained, the plaintiffs have not yet been fully paid, and the right to take toll still continues.
It may be gathered from the statute that the bridge had been erected by Yoorhees before the law was passed, and that he had also purchased the right of the Westmoreland and Sodus Bay Turnpike Company to the bridge. What that right was does not appear. But it is not alleged that there was any right in Yoorhees, or in any one else, to demand toll before this statute was passed. Still it seems to have been understood that Yoorhees had rendered a valuable service to the public in erecting the bridge, and purchasing the rights of the turnpike company ; and the legislature granted to him the franchise of demanding toll, until he should be reimbursed the sum which he had thus expended. The words limiting the duration of the grant are, “ that this act shall not continue in force after the owner or owners of said bridge shall receive as toll for crossing the same, such sum as the said James L. Yoorhees has paid for erecting said bridge, and for the right of the Westmoreland and *276 Sodus Bay turnpike company thereto,” (over and above repairs and expenses of collection;) “ which sum, so paid by the said James L. Yoorhees for the erection of the said bridge, and for the right of the” turnpike company, “ shall be ascertained by commissioners &c.” (§2.) The next section names the commissioners, who were to ascertain and certify “ as well the amount paid by said James L. Yoorhees for the erection of said bridge, as for the right” of the turnpike company thereto, “ with interest.” That sum the commissioners.settled at $>782,03, and filed their certificate in September, 1825. If the grant to Yoorhees was not wholly gratuitous—if it was right that he should be reimbursed the money which he had expended—it would seem to be equally proper that he should have interest on the . amount which should from time to time remain unpaid. But while the legislature was careful to say that the commissioners should allow interest in ascertaining the sum to be certified, they seem to have been equally careful not to say any thing about interest on the sum to be thus ascertained by the commissioners. The right to take toll was not to continue after the owner had received “ such sum as the said James L. Yoorhees has paid /” and the commissioners were to ascertain “ the amount paid by said James L. Yoorhees.” I do not see how interest can be allowed on the principal sum. It was for the legislature in granting the franchise to determine how large they would make it; and as they have not provided for interest, I think the claim to it cannot be maintained. If the provision had been that toll might be taken until Yoorhees should be indemnified, then, perhaps, interest might be allowed; but the act is not open to any such equitable construction.
The charters of many of our turnpike and bridge corporations provide, that the franchise shall continue until the principal sum to be expended shall be repaid, with interest, at a certain rate per cent. If the same thing had been intended in this case, it is but reasonable to suppose that similar language would have been employed.
We are referred to cases where interest has been allowed between party and party for money paid, and the like. But they *277 do not appear to be applicable to this case. We 'are not here dealing with equities as between party and party, hut with a legislative .grant; and the question is, how much has been granted. If Voorhees or his assigns have not got so much as they ought in justice to have, they must, I think, apply to the legislature for a larger franchise. We have nothing to do with the supposed equity of the claim.
I think the judgment is erroneous and that it should be reversed.
Judgment affirmed.

 See Koon v. Mazuzan, (ante, p. 44.)